|120    283|
|136    103|

PEOPLE *v.* JONES.

1. FIXTURES—MALICIOUS INJURY—INFORMATION.

An engine rested on a brick foundation, and was inclosed in a frame building in such manner that it could not be removed without taking out a side of the building. In deeds and mortgages it had been treated as a part of the realty. The only testimony tending to show an intention to treat it as personalty was that of the owner, who stated that he "had in mind" the removal of the engine. *Held,* that an information charging an injury to the engine as a malicious injury to personal property was bad.

2. SAME—SEVERANCE—INTENT.

The "intent" which is of controlling influence in determining whether a fixture is or is not a part of the realty must relate either to the time of annexation or to some actual or constructive severance.

Error to Berrien; Coolidge, J. Submitted May 3, 1899. Decided May 27, 1899.

Lorenzo Jones and Andrew Goines were convicted of willful and malicious injury to personal property, and sentenced to nine months' imprisonment in the state house of correction at Ionia. Reversed, and respondents discharged.

*Hardin W. Davis* ( *O'Hara & O'Hara,* of counsel), for appellants.

*G. M. Valentine,* Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondents were informed against under section 9167, 2 How. Stat., for willfully and maliciously injuring and destroying a stationary engine, claimed to be the personal property of Seeley McCord. The only question raised by the brief of respondents' counsel is whether, under the evidence, the engine in question was personal or real property.

The engine in question rests on a brick foundation, is inclosed in a frame building, and could not be removed except by taking out one side of the building. There was unity of title as to the land and the engine. It has passed by deed of the land, and has been mortgaged as a part of the realty. The only testimony tending in any way to show an intention to treat the engine as personal property is the statement of the owner, as a witness, that he had in mind the removal of the engine. This does not show that he had formed the purpose to do so, much less does it show that, when the engine was annexed, he had any such purpose, or any intention of treating it as personalty. It is clear that the property described in the information was real estate. It is true the intent of the owner is often of controlling influence in determining whether a fixture is or is not a part of the real estate; but the intention must relate either to the time of annexation or to some actual or constructive severance.

We need not discuss the question whether malicious injury to real property is punishable at common law, as the information charges malicious injury to personal property, and cannot be supported by evidence of a different offense.

The circuit judge should have directed a verdict. Judgment reversed, and respondents discharged.

The other Justices concurred.